IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

**ENTERED**
**04/24/2009**

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| JOSEPH SAMUEL GOETZ, | ) | CASE NO. 03-39850-H3-11 |
| | ) | |
| Debtor | ) | |
| | ) | |

_____

| | | |
|---|---|---|
| THE FIRST NATIONAL BANK OF | ) | ADVERSARY NO. 08-3341 |
| JEFFERSONVILLE; SKO BRENNER | ) | |
| AMERICA, SUCCESSOR IN INTEREST | ) | |
| TO HPSC, INC.; KEY EQUIPMENT | ) | |
| FINANCE, INC., SUCCESSOR TO | ) | |
| AMERICAN EXPRESS BUSINESS FINANCE; | ) | |
| LEAF SPECIALTY FINANCE, SUCCESSOR | ) | |
| TO REPUBLIC LEASING COMPANY; | ) | |
| VISION WEST, INC.; AND PEOPLES | ) | |
| UNITED BANK | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| Versus | ) | |
| | ) | |
| JOSEPH SAMUEL GOETZ, GERTRUDE | ) | |
| GOETZ, SAMUEL GOETZ, ALLAN AFRICK, | ) | |
| TRUSTEE OF THE INTERVIVOS GOETZ | ) | |
| FAMILY TRUST, AND JENNIFER GOETZ | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

MEMORANDUM OPINION

        The court conducted a status conference on the "Emergency

Complaint Seeking To Reopen Case Based On Fraud, To Administer

Newly Discovered Assets and Income Concealed by Debtor, To Set

Aside Discharge, To Convert Case to Chapter 7 Or To Appoint A

Chapter 11 Trustee" filed by the First National Bank of

Jeffersonville, SKO Brenner America, successor in interest to HPSC, Inc., Key Equipment Finance, Inc., successor to American Express Business Finance, Leaf Specialty Finance, successor to Republic Leasing Company, Vision West, Inc. and Peoples United Bank (collectively referred to as "Plaintiffs"). The Plaintiffs filed the instant Adversary Proceeding against Joseph Samuel Goetz, Debtor in the above captioned main case bankruptcy proceeding, Gertrude Goetz, Samuel Goetz, Allan Africk, Trustee of the Intervivos Goetz Family Trust and Jennifer Goetz (collectively referred to as "Defendants").

After considering the emergency complaint and the opposition thereto by Defendants, the docket sheets, pleadings and entire files in the instant adversary proceeding, Debtor's main case bankruptcy proceeding, all adversary proceedings filed and related to the main case proceeding, and argument of counsel, the court makes the following findings of fact and conclusions of law denying the request to reopen Debtor's main case bankruptcy proceeding and dismissing the above captioned adversary proceeding. To the extent any findings of fact are construed to be conclusions of law, they are adopted as such. To the extent any conclusions of law are construed to be findings of fact, they are adopted as such.

On July 9, 2003, Debtor filed a voluntary Chapter 11 bankruptcy proceeding. Debtor's Second Amended Plan of Reorganization was confirmed on June 23, 2004. Case No. 03-39850-

2

H3-11, Docket No. 91.[1]   The Debtor's confirmed plan was substantially consummated and on August 17, 2006, a Final Decree was signed and entered and Debtor's chapter 11 bankruptcy proceeding was closed as the bankruptcy estate had been fully administered.  Main Case, Docket No. 166.

The instant adversary proceeding was filed on September 11, 2008.  All of the Plaintiffs were listed on Debtor's schedules and each filed one or more proofs of claim designating each claim as unsecured and non-priority.[2]  The Plaintiffs allege that, based upon newly discovered evidence, the Debtor filed his bankruptcy petition and schedules in bad faith as he fraudulently concealed assets belonging to the estate.   Plaintiffs request that the Debtor's chapter 11 main case bankruptcy proceeding be reopened, that the confirmation order be vacated, that Debtor's discharge be revoked, that this case be converted to a chapter 7 or that the court appoint a chapter 11 Trustee to administer the Debtor's

---

[1]   Hereinafter, references to "Main Case" are to the Debtor's chapter 11 bankruptcy proceeding, No. 03-39850-H3-11.

[2] Debtor's schedules and Claims Register (Main Case Docket No. 1 and Proof of Claim Numbers 2, 4, 10, 11, 15, and 18) reflect that Plaintiffs have unsecured, non-priority claims: First National Bank of Jeffersonville   - contingent claim based on Debtor's guarantee in the approximate amount of $75,000;  SKO Brenner America (HPSC, Inc.) - two loans for a total approximate amount of $211,000; Key Equipment Finance, Inc. (American Express Business Finance) - contingent claim based on Debtor's guarantee in the approximate amount of $98,000; Leaf Specialty Finance (Republic Leasing Company) - contingent claim based on Debtor's guarantee in the approximate amount of $28,600; Vision West, Inc. - contingent claim based on Debtor's guarantee in the approximate amount of $2,000; and Peoples United Bank - a loan in the approximate amount of $7,300.

concealed income and assets as property of the estate for the benefit of all creditors so that they may be paid in full.

Prior to addressing any substantive issues raised by the Plaintiffs, the court must first determine whether the main case bankruptcy proceeding should be reopened. Section 350(b) permits the bankruptcy court to reopen a case to administer assets, to accord relief to the debtor, or for other cause. Bankruptcy Rule 5010 provides that a case is to be reopened upon motion and the motion should state facts that reasonably satisfy the court of the requisite cause for reopening. If a motion to reopen is granted, the movant may then file the appropriate documents or take the appropriate action to obtain the relief necessary within the case or adversary proceeding. The court notes that Plaintiffs failed to file a Motion to Reopen the main case bankruptcy proceeding prior to filing the instant adversary proceeding. Despite this, the court will treat the filing of the instant adversary proceeding as a request to reopen Debtor's main bankruptcy case on the bases alleged in the adversary proceeding complaint.

The reopening of a case is a ministerial act that has no substantive effect in itself. Reopening of a case merely provides an opportunity to request substantive relief. *See Cusano v. Klein*, 264 F.3d 936 (9th Cir. 2001). Reopening of a case is within the sound discretion of the court, and a case will only be reopened upon the demonstration of compelling circumstances justifying the

4

reopening.  "The longer the time between the closing of the estate
and the motion to reopen ... the more compelling the reason for
reopening the estate should be." *Citizens Bank & Trust Co. v. Case
(In re Case)*, 937 F.2d 1014, 1018 (5th Cir. 1991) quoting *Apex Oil
Company, Inc. v. Sparks (In re Apex Oil Company, Inc.)*, 406 F. 3d
538, 543 (8th Cir. 2005).  The burden of proof to demonstrate
circumstances that are sufficiently compelling to justify reopening
a case is on the movant.  *See In re Winburn*, 196 B.R. 894, 897
(Bankr. N.D.Fla. 1996); *In re Nelson*, 100 B.R. 905, 906 (Bankr.
N.D. Ohio 1989).

        If substantive relief can not be granted in the reopened
case, then there is no reason to grant a motion to reopen.
Further, if reopening a case would be futile and a waste of
judicial resources or would serve no purpose, then cause to reopen
does not exist.  *See In re Carberry*, 186 B.R. 401 (Bankr. E.D.Va.
1995); *In re Kinion*, 207 F.3d 751 (5th Cir. 2000).

        Plaintiffs request that the court reopen this case so
that it can be converted to a chapter 7 proceeding or so that the
court can appoint a chapter 11 Trustee to administer the Debtor's
concealed income and assets.  It is quite common for a court to
reopen a chapter 7 proceeding in order to permit the administration
of newly discovered property of the estate.  A chapter 7 proceeding
involves the Trustee's liquidation and distribution of property of

5

the estate.   However, a chapter 11 proceeding invokes different policies.[3]

Typically, as in the instant case, a chapter 11 proceeding involves a reorganization whereby a chapter 11 plan restructures contractual obligations and becomes a contract between the parties, albeit created by a court order rather than by the joint signature of the parties.  Confirmation substitutes the newly restructured obligations pursuant to the plan for debtor's pre-confirmation debts.  The provisions of a confirmed plan are binding on the debtor and all creditors, whether or not they have accepted the plan, and confirmation of a plan operates as a final judgment with *res judicata* effect.  *See* 11 U.S.C. § 1141(a); *First Union Commercial Corp. v. Nelson, Mullins, Riley & Scarborough (In re Varat Enters., Inc.)*, 81 F.3d 1310 (4th Cir. 1996); *Eubanks v. FDIC*, 977 F.2d 166 (5th Cir. 1992).

Except as otherwise provided in the plan or the order confirming the plan, section 1141 sets forth the effect of

---

[3] The court notes that the authorities cited in the Plaintiffs' Complaint, as support for the court's granting the requested relief, are inapposite to the instant case.  All but two of the cases cited in the Complaint apply to chapter 7 bankruptcy proceedings.  As to the other two cases, *In re Thomas*, 337 B.R. 879 (Bankr. S.D. Tex. 2006) relates to a chapter 13 proceeding and *In re Sullivan*, 204 B.R. 919 (Bankr. N.D. Tex. 1997) involves a timely filed adversary proceeding objecting to the discharge of a chapter 11 debtor.  In the *Sullivan* case, the adversary proceeding was filed by the chapter 11 Trustee prior to confirmation and the terms of the subsequently confirmed plan specifically provided that the debtor would not receive a discharge unless he prevailed in the adversary proceeding.

confirmation of a chapter 11 plan.[4]   In the instant case the
confirmed plan and confirmation order (Docket Nos. 79 and 91) do
not provide for treatment different from that set forth in section
1141.

The confirmation of a plan provides that the property
dealt with by the plan is free and clear of all claims and
interests of creditors, equity security holders, and general
partners in the debtor.  It also provides for the discharge of all
claims arising before the date of confirmation.[5]   In the instant
case, Debtor was discharged on the confirmation date.  Main Case,
Docket Nos. 79 and 91.  Confirmation of a plan vests all property
not otherwise governed by the plan, including property not
scheduled or included in the plan, in the debtor.   As such,
confirmation terminates the debtor's status as a debtor-in-
possession and the bankruptcy estate ceases to exist.  *See* 11

---

[4]  The court notes that The Bankruptcy Abuse Prevention and Consumer
Protection Act of 2005 (BAPCPA), applicable to cases commenced on or after
October 17, 2005, amended section 1141 by changing the scope and timing of the
entry of the individual chapter 11 debtor's discharge.  Prior to the amendment,
the confirmed plan discharged the debtor and the discharge was generally included
in the order confirming the plan.  BAPCPA provides that in a chapter 11
proceeding an individual debtor is not discharged until all plan payments have
been made.  BAPCPA does not apply to the instant case which was filed on July 9,
2003.

[5]  Sections 1141(d)(2) and 1141(d)(3) specify exceptions to a debtor's
discharge but none of the exceptions apply to the instant case.  Subsection
(d)(2) relates to debts excepted from discharge under section 523 and none were
at issue in the instant case.  Subsection (d)(3) does not allow a discharge in
the event that: the plan provides for liquidation; debtor does not continue in
business after plan consummation; and debtor would be denied a discharge under
section 727(a) in a hypothetical chapter 7 case.  Subsection (d)(3) is
inapplicable to the instant case because the listed requirements are conjunctive
and the confirmed plan in the instant case is one of reorganization with Debtor
having continued in business subsequent to plan consummation.

U.S.C. § 1141; *In re U.S. Brass Corp.*, 301 F.3d 296 (5th Cir. 2002); *In re Page*, 118 B.R. 456 (N.D. Tex. 1990) and cases cited therein; *In re Coastline Care, Inc.*, 299 B. R. 373 (Bankr. E.D.N.C. 2003); *James P. Discoll, Inc. v. Gould*, 967 S.2d 369 (Fla.App. 3 Dist., 2007). Although the court has continued jurisdiction after confirmation of a plan, it is limited to matters related to the implementation and execution of the confirmed plan. *See* 11 U.S.C. § 1142; *Bank of Louisiana v. Craig's Stores of Texas, Inc. (In re Craig's Stores of Texas, Inc.)*, 266 F.3d 358, 390 (5th Cir. 2001).

The plan was confirmed on June 23, 2004, and neither the plan nor the order of confirmation attempted to restrict the effect of confirmation. Thus, upon confirmation the chapter 11 estate ceased to exist and any remaining property was transferred out of the estate and vested in the Debtor. In the instant case, the substance of the relief sought by Plaintiffs is to administer allegedly concealed income and assets of the Debtor as property of the estate so all creditors may be paid in full. In order to accomplish this, Plaintiffs seek to have the confirmation order vacated and the Debtor's discharge revoked which would allow the court to convert the case to a chapter 7 proceeding or to appoint a chapter 11 Trustee.

The sole basis for revocation of the order of confirmation is that the order of confirmation must have been procured by the debtor through acts constituting actual fraud on

the court.  In addition to a showing of fraud on the court, the timely filing of an action to revoke confirmation is a substantive element of the cause of action.  When an action for revocation of the discharge of an individual debtor is brought in a chapter 11 case, the requested relief is directly related to revocation of the order confirming the plan.  There is no specific provision of the Bankruptcy Code which permits a direct attack on the discharge separate from a proceeding to revoke the order of confirmation. The remedies of revocation of the order of confirmation, and consequently the discharge of an individual chapter 11 debtor, provided by section 1144, are exclusive of any other provision of the Code.  The plaintiff bears the burden of pleading and proof on all elements for revocation of a confirmation order.  *See In re Logan Place Properties, Ltd.,* 327 B.R. 811 (Bankr.S.D.Tex. 2005); *In re Westway Ford*, 170 B.R. 101, 103 (Bankr.S.D.Tex. 1994); *In re Orange Tree Assocs., Ltd.*, 961 F.2d 1445, 1447 (9th Cir. 1992); *In re Longardner & Assocs., Inc.*, 855 F.2d 455, 460 (7th Cir. 1988); *In re Emmer Bros. Co.*, 52 B.R. 385, 390-91 (D. Minn. 1985) *In re Newport Harbor Assocs.*, 589 F.2d 20, 22 (1st Cir. 1978).

Bankruptcy Rule 9024 provides that an action to revoke an order of confirmation and an individual debtor's discharge may be brought only within the time specified by section 1144.  Bankruptcy Rule 9006(b) prohibits the court from enlarging the time for taking action under Bankruptcy Rule 9024.  The 180 day deadline for

9

seeking revocation of an order of confirmation is absolute and may not be extended by the court. Actions initiated after the 180-day period must be dismissed as untimely. The 180 day deadline applies even if the fraud is not discovered until after expiration of the 180 day period. *See 680 Fifth Ave. Assocs. v. EGI Co. Servs., Inc.*, 209 B.R. 314 (Bankr. S.D.N.Y. 1997); *Clarke v. Mission Heights Investors, Inc.*, 202 B.R. 131 (Bankr. D. Ariz. 1996).

Debtor's plan was confirmed and the confirmation order was entered on June 23, 2004. December 20, 2004 was the deadline for filing a complaint to revoke the confirmation order in this case. The Debtor's confirmed plan was substantially consummated and on August 17, 2006, a Final Decree was signed and entered and Debtor's chapter 11 bankruptcy proceeding was closed. This adversary proceeding was filed September 11, 2008, almost four years after the deadline.

There is a strong bankruptcy policy in favor of the finality of a confirmation order. The existence of an absolute deadline for seeking revocation of an order of confirmation is necessitated by the need for finality for both debtor and other parties. *See 8 Collier on Bankruptcy* ¶ 1144.04 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2005) and cases cited therein. The court finds that the Plaintiffs' request for revocation of the confirmation order and the Debtor's discharge are untimely and there is no basis upon which the court can grant

relief. *See Frontier Farm Credit v. Schwartz (In re Schwartz)*, 2008 WL 2397712 (Bkrtcy.D.Kan.). Because no substantive relief can be granted if the case was reopened, the court finds that there is no reason to grant the motion to reopen. *See Carberry*, 186 B.R. 401; *Kinion*, 207 F.3d 751.

Each Plaintiff was served with a copy of the Disclosure Statement, Plan and the respective hearing dates of each, and none filed an Objection to the Disclosure Statement or to the Chapter 11 plan. Main Case, Docket Nos. 74, 75, 78 and 80. Debtor's Second Amended Plan of Reorganization was confirmed on June 23, 2004 and each Plaintiff was served with a copy. Main Case, Docket No. 92. None of the Plaintiffs appealed the confirmation order.

Despite the fact that the 180 day deadline applies even if the fraud is not discovered until after expiration of the 180 day period, the court notes that the allegations and relief requested in the Plaintiffs' complaint are the same, if not identical, to those contained in pleadings filed by Lynn Rae Levit Goetz (Levit Goetz), Debtor's former spouse, in Debtor's main case bankruptcy proceeding and related adversary proceedings.[6] Each Plaintiff was served with at least one or more of these pleadings at the time they were filed but failed to pursue them until the

---

[6] Motion to Deem Unliquidated Proof of Claim A Contested Matter (Main Case Docket No. 121), Motion To Revoke Confirmation (Main Case Docket No. 128), Motion To Treat Motion To Revoke As Timely Filed Adversary Complaint (Main Case Docket No. 137), Complaint to Revoke Confirmation (Adversary 05-3028), and Complaint to Deny Debtor a Discharge (Adversary No. 05-3490).

filing of the instant adversary proceeding. Main Case, Docket Nos. 121, 128, 134, 137, 161, 160, 166, and 170.

Defendants allege that the filing of the instant adversary proceeding is an attempt by Levit Goetz to continue litigation against the Defendants which began over ten years ago in the state court divorce proceeding between Levit Goetz and Debtor.[7] Based upon the pursuit of multiple state and federal lawsuits[8] against Defendants, Levit Goetz has been declared a vexatious litigant under Tex. Prac. & Rem. Code § 11.051, *et seq.* and Levit Goetz is prohibited from filing lawsuits in state court against the Defendants without prior court approval. The court notes that the timing of the filing of the instant adversary proceeding by the Plaintiffs was within five months of Levit Goetz' being declared a vexatious litigant. Additionally, in violation of Bankruptcy Rule 7026 and prior to discovery having commenced in the instant adversary proceeding, Plaintiffs issued seventy-four (74) subpoenas to various entities. Bankruptcy Rule 7026 entitled "General

---

[7] Debtor and Levit Goetz were divorced in September 2002 after protracted litigation for approximately four years. The 257th Family Court of Harris County, Case No. 1999-53560 awarded a $470,000 judgment in favor of Debtor and against Levit Goetz. Since this time, Levit Goetz has been involved in multiple lawsuits in state and federal court, all of which appear to arise out of her dissatisfaction with the outcome of the state court divorce case.

[8] Case No 03-39850-H3-11, Adversary Proceeding No. 05-3028, and Adversary Proceeding No. 05-3490, United States Bankruptcy Court, Southern District of Texas; Civil Action Nos. 07-0837, 07-0838, 07-0805, and 07-0853, United States District Court, Southern District of Texas; Cause No. 99-53560, 257th District Court of Harris County, Texas; Cause No. 2006-35680, 129th District Court of Harris County, Texas; and Cause No. 2007-58388, 55th District Court of Harris County, Texas.

Provision Governing Discovery" provides that Federal Rule of Civil Procedure 26 applies in adversary proceedings. Subsection (f) of the rule provides that the parties must confer as soon as practicable and in any event at least 21 days before a scheduling conference is to be held. F. R. Civ. P. Rule 26(f). At the hearing on the instant motion, counsel for Defendants stated that no Rule 26 conference was held between the parties. This was not disputed by Plaintiffs' counsel. Subsection (d) of the rule provides for the timing and sequence of discovery and states, in pertinent part, that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."[9] Although the court need not determine if Levit Goetz solicited the Plaintiffs' participation in this proceeding to dispose of the motion to reopen, the fact that this adversary proceeding (and the allegations made therein) was initiated and discovery was prematurely pursued in such an aggressive manner raises concerns as to the motive for the filing.

As discussed above, the substantive relief sought by Plaintiffs is to revoke the confirmation order. Reopening the main case bankruptcy to allow Plaintiffs to file the instant adversary proceeding would be futile as there is no basis upon which the court could grant relief. Plaintiffs' request for revocation of

---

[9] The rule contains certain exceptions to the timing of discovery, none of which apply to this case. See F. R. Civ. P. Rule 26(d)(1) and Rule 26(a)(1)(B).

the confirmation order is untimely and the adversary proceeding is barred.  *See Frontier Farm Credit v. Schwartz (In re Schwartz)*, 2008 WL 2397712 (Bkrtcy.D.Kan.).  Because no substantive relief can be granted in the reopened case, the court finds that there is no reason to grant the motion to reopen.  Reopening the instant main case proceeding would be a waste of judicial resources.  *See Carberry*, 186 B.R. 401; *Kinion*, 207 F.3d 751.  Based upon the foregoing, the request to reopen Debtor's main case bankruptcy proceeding is denied and the above captioned adversary proceeding is dismissed with prejudice.

Signed at Houston, Texas on this 24th day of April, 2009.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

14